IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Gale McMannis,            Case No. 5:06 CV 1545

          Petitioner,            MEMORANDUM OPINION
                                        AND ORDER

       -vs-
                                          JUDGE JACK ZOUHARY

Michele Eberlin,

          Respondent.

Petitioner Larry McMannis was a prisoner in state custody and filed this Petition for a Writ of Habeas Corpus (Doc. No. 1) while incarcerated. Respondent subsequently filed a Return of Writ (Doc. No. 20). The case was referred to Magistrate Judge Armstrong for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). In her Report and Recommendation (Doc. No. 25), the Magistrate Judge recommended the Court dismiss Petitioner's Writ as untimely filed.

The matter is now before the Court on Petitioner's Objection (Doc. No. 28) to the Report and Recommendation. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings. For the following reasons, the Court finds Petitioner's Objections are not well taken and are denied.

**DISCUSSION**

On July 23, 2002, Petitioner was convicted by a jury of driving under the influence and that he had been previously convicted of this offense. Petitioner was sentenced to a prison term of five years.

Petitioner raises two objections to the Magistrate's Report and Recommendation: (1) his Writ was timely because he had a pending motion before the Stark County Court of Common Pleas which tolled the statute of limitations, and (2) he was not arrested on February 10, 2000. The Court will address each issue.

**Statute of Limitations**

Petitioner claims the statute of limitations was tolled because his Motion to Suspend and/or Modify Sentence was (and is still) pending with the trial judge in the Stark County Court of Common Pleas. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations for habeas petitions that challenge state court judgments. *Allen v. Yunkis*, 366 F.3d 396, 399 (6th Cir. 2004). The limitation period runs from the date when the judgment becomes final by the conclusion of direct review. 28 U.S.C. § 2244(d). The statute of limitations is tolled for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). A motion to suspend or modify a sentence is collateral review as defined by AEDPA and, therefore, tolls the statute of limitations.

The Court closely examined the Stark County Court docket. On January 30, 2004, Petitioner filed two separate motions, a Motion for Judicial Release and a Motion to Suspend and/or Modify Sentence. On February 3, 2004, the court issued a Judgment Entry denying Petitioner's Motion for

Judicial Release. The court then issued another Judgment Entry denying Petitioner's Motion for Judicial Release on February 10, 2004.

The Motion currently at issue is Petitioner's Motion to Suspend and/or Modify Sentence. Several Ohio appellate courts have held trial courts do not possess the statutory authority to suspend or modify a defendant's sentence once a sentence has been issued. *See State v. Rowe*, 118 Ohio App. 3d 121, 123 (9th Dist. 1997); *State v. Hayes*, 86 Ohio App. 3d 110, 112 (1st Dist. 1993). Without power to suspend or modify the sentence, this Court finds the trial judge *sua sponte* converted the Motion to Suspend and/or Modify Sentence into a Motion for Judicial Release, which was then denied on February 10, 2004. Based on a complete reading of the state court docket and all relevant motions and judgments entries, this is the only logical conclusion. Therefore, Petitioner does not have any outstanding motions, and the statute of limitations is not currently tolled.

The Report and Recommendation provides a thorough explanation of Petitioner's tolling period of 350 days. With this tolling, Petitioner's statute of limitations for filing his habeas petition expired on May 24, 2005. The Writ was not filed until June 22, 2006, more than a year later. Thus, Petitioner's habeas petition is timed barred.

**Factual Error**

Petitioner also objects to the Magistrate's assertion that he was arrested on February 10, 2000. Petitioner was not arrested, but rather pled guilty on February 10, 2000 to a previous Indictment for driving under the influence. However, this discrepancy is immaterial to the outcome of Petitioner's claim. This error does not toll the applicable statute of limitations and Petitioner's claim is barred.

3

**CONCLUSION**

After conducting a *de novo* review, the Report and Recommendation is adopted and affirmed. Petitioner's claims are dismissed. Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

May 30, 2008